United States District Court
Southern District of Texas

**ENTERED**

April 15, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PRISCILA L. LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-cv-00399 |
| | § | |
| SOUTH TEXAS FEDERAL CREDIT | § | |
| UNION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

The Court now considers "Plaintiff's Counsel's Motion to Vacate."[1] After this Court, on March 9, 2020, ordered sanctions to be paid no later than April 3,[2] Plaintiff's counsel waited until April 2 to contact the Clerk of the Court and prepare an overnight UPS delivery.[3] The parcel containing the check to pay this Court's sanctions was not placed for delivery until the afternoon before payment was due.[4] Although Plaintiff's counsel's paralegal confirmed the correct address,[5] the shipping label incorrectly stated the ZIP Code for delivery,[6] and the parcel was consequently delayed or undeliverable.[7] Plaintiff's counsel took no other action until this Court, noting that sanctions had not been properly paid, entered its superseding order for sanctions.[8] As a result of Plaintiff's counsel's inaction, Plaintiff's counsel failed to realize that

---

[1] Dkt. No. 22.
[2] Dkt. No. 20.
[3] Dkt. No. 22 at 1, ¶ 2.
[4] Dkt. No. 22-3 at 2.
[5] Dkt. No. 22-1 at 2, ¶ 3.
[6] Dkt. No. 22-2 at 2.
[7] *See* Dkt. No. 22-3 at 2.
[8] Dkt. No. 22 at 2–3, ¶¶ 4–5.

sanctions had not been paid timely.[9] Nevertheless, Plaintiff's counsel timely paid this Court's superseding order for sanctions.[10]

Astonishingly, Plaintiff's counsel now seeks to vacate this Court's superseding order for sanctions and seeks a refund of $700 so as to "not punish Plaintiff's counsel's for the first check not being delivered properly."[11] Plaintiff's counsel essentially prays that this Court, after ordering sanctions following Plaintiff's counsel's failure to appear and tardiness to counsel's own show cause hearing, now refund amounts paid for counsel's continued dilatory behavior. The motion, if nothing else, displays chutzpah. Nevertheless, the motion to vacate[12] is **DENIED**. Plaintiff's counsel Alexander J. Taylor is instructed to comply instanter with this Court's Local Rules[13] and the associated Texas Disciplinary Rule of Professional Conduct,[14] specifically by communicating all of this Court's orders in this case to Plaintiff Priscila L. Lozano if counsel has not done so already.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of April 2020.

_____
Micaela Alvarez
United States District Judge

---

[9] *Id.* at 2, ¶¶ 5–6.
[10] *See id.* at 2, ¶ 7 & Dkt. No. 22-4 at 2–3.
[11] Dkt. No. 22 at 2, ¶ 10.
[12] Dkt. No. 22.
[13] LR App. A, Rules 1, 10.
[14] TEX. DISCIPLINARY R. PROF'L CONDUCT 1.03.